UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TORY TYLER,<br><br>Petitioner,<br><br>v.<br><br>STEPHEN JOHNSON, et al.,<br><br>Respondents. | Civil Action No. 16-5081(MCA)<br><br>MEMORANDUM AND ORDER |

This matter has been opened to the Court by Petitioner's filing of a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, and his subsequent filing of a motion for a stay to exhaust certain unspecified claims in state court. (ECF Nos. 1, 10.) For the reasons explained in the Memorandum and Order, the Court will deny Petitioner's motion for a stay without prejudice to his filing of a new motion for a stay within 45 days that complies with *Rhines v. Weber*, 544 U.S. 269 (2005).

Petitioner's Petition was docketed on August 19, 2016. (ECF No. 1.) The form submitted by Petitioner contains the required notice pursuant to *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000). (*See id.* at 17.) By Order dated October 17, 2016, the Court directed Respondents to answer the Petition. (ECF No. 3.) On February 3, 2017, Respondents filed their Answer, arguing in relevant part that the Petition is subject to dismissal for failure to exhaust state court remedies with respect to Grounds Three, Four, and Five. (ECF No. 10, Answer at 27.)

In response, Petitioner filed a motion for a stay, in which he states as follows:

1

> 6. In filing my petition, some of my issues were not exhausted in the State courts as stated in my petition.[1]
>
> 7. I still have other issues that are unexhausted in the State courts.

(ECF No. 11-1, Certification at ¶¶ 6-7.) It is not clear if Petitioner belatedly seeks to amend his Petition to add additional unexhausted claims of if he seeks a stay to exhaust only Grounds Three, Four, and Five. In any event, Petitioner provides no other facts about his unexhausted claims.

Under The Antiterrorism Effective Death Penalty Act of 1996 ("AEDPA"), this Court may not grant a writ of habeas corpus under 28 U.S.C. § 2254 unless the petitioner has exhausted the remedies available in the courts of the State or exhaustion is excused under 28 U.S.C. § 2254(b)(1)(B). *See Henderson v. Frank*, 155 F.3d 159, 164 (3d Cir. 1998); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir.1997); *Toulson v. Beyer*, 987 F.2d 984 (3d Cir. 1993). The Exhaustion Doctrine requires a petitioner challenging a New Jersey conviction under § 2254 to have fairly presented each federal ground that is raised in the petition to all three levels of the New Jersey courts, that is, the Law Division, the Appellate Division, and the New Jersey Supreme Court. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Rose v. Lundy*, 455 U.S. 509 (1982). In addition, under AEDPA, except in extremely limited circumstances, the prisoner must file this one all-inclusive § 2254 petition within one year of the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of the time for seeking such review. *See* 28 U.S.C. § 2244(d).

In *Rhines v. Weber*, , the Supreme Court held that a district court has the authority to stay a mixed § 2254 petition when a stay would be compatible with AEDPA's purposes, *Rhines*, 544 U.S. at 276, and that "it likely would be an abuse of discretion for a district court to deny a stay

---

[1] Petitioner's Petition does not clearly indicate that any of his claims are unexhausted.

2

and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition." *Id.* at 278. *See also Heleva v. Brooks*, 581 F.3d 187 (3d Cir. 2009) (holding that stay-and-abeyance under *Rhines* standard also applies to a request to stay a § 2254 petition which contains only unexhausted claims). The *Rhines* Court explained:

> If a petitioner files a timely but mixed petition in federal district court, and the district court dismisses it under [*Rose v. Lundy*, 455 U.S. 509 (1982)] after the limitations period has expired, this will likely mean the termination of any federal review. For example, if the District Court in this case had dismissed the petition because it contained unexhausted claims, AEDPA's 1-year statute of limitations would have barred Rhines from returning to federal court after exhausting the previously unexhausted claims in state court.

*Rhines*, 544 U.S. at 275.

Here, the Court will deny Petitioner's motion for a stay <u>without prejudice</u> because Petitioner has not met the requirements for a stay by showing (1) that his unexhausted claims are potentially meritorious, (2) that he has good cause for failing to exhaust, and (3) the absence of intentionally dilatory litigation tactics. As such, the Court will deny Petitioner's motion for a stay without prejudice to his filing of a new motion for a stay within 45 days that complies with *Rhines*. The motion for a stay must clearly identify each unexhausted claim and show the following: (1) that Petitioner's unexhausted claims are potentially meritorious; (2) that he has good cause for failing to exhaust; and (3) the absence of intentionally dilatory litigation tactics.

It is therefore on this 31st day of October 2017,

**ORDERED** that the motion (ECF No. 11) to stay the § 2254 Petition is **DENIED WITHOUT PREJUDICE**; and it is further

3

**ORDERED** that Petitioner has 45 days from the date of the entry of this Order to submit a new motion for a stay that complies with *Rhines v. Weber*, 544 U.S. 269 (2005); and it is further

**ORDERED** that, if Petitioner fails to submit for filing an amended § 2254 petition within 45 days of the date of the entry of this Order, then this Court will consider Docket Entry #1 as Petitioner's one and only all-inclusive § 2254 Petition, which may be subject to dismissal without prejudice for failure to exhaust state court remedies; and it is finally

**ORDERED** that the Clerk shall serve this Order by regular mail upon Petitioner at the address on file.

_____
Madeline Cox Arleo, District Judge
United States District Court