# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| TORY TYLER,<br><br>Petitioner,<br><br>v.<br><br>STEPHEN JOHNSON, et al.,<br><br>Respondents. | Civil Action No. 16-5081(MCA)<br><br>MEMORANDUM AND ORDER |

This matter has been opened to the Court by Petitioner's filing of an Amended Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (ECF No. 15.)

Petitioner's Petition was docketed on August 19, 2016. (ECF No. 1.) The form submitted by Petitioner contains the required notice pursuant to *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000). (*See id.* at 17.) By Order dated October 17, 2016, the Court directed Respondents to answer the Original Petition. (ECF No. 3.) On February 3, 2017, Respondents filed their Answer, arguing in relevant part that the Petition is subject to dismissal for failure to exhaust state court remedies with respect to Grounds Three, Four, and Five. (ECF No. 10, Answer at 27.) Ground Three of the Original Petition asserted that the trial court erred in failing to tailor the passion provocation instruction under state law. Ground Four asserted that the trial court committed reversible error when instructing the jury that it must "first" acquit Petitioner of murder before considering passion provocation manslaughter. Ground Five asserted ineffective assistance of both trial and appellate counsel for failing to object to or challenge the erroneous

1

jury instructions. (*See* Petition at 8-11.) In the Original Petition, Petitioner appears to assert that he filed a second petition for post-conviction relief in which he asserted the following claims:

> 1.) The Trial Court Erred by Failing to Tailor the Passion Provocation Instruction to the Rulings in *State v. Guido* and *State v. Coyle*. 2.) Trial Court Committed Reversible Error When Instructing the Jury that It Must First Acquit Petitioner on Murder Before Considering Passion Provocation Manslaughter; and 3.) Ineffective Assistance of both Appellate and Trial Counsel . . . for Failing to Object, Challenge, and/or Raise the herein Erroneous Jury Instructions.

(ECF No. 1, Pet. at 14.)

In response to Respondents' Answer, Petitioner filed a motion for a stay, in which he states as follows:

> 6. In filing my petition, some of my issues were not exhausted in the State courts as stated in my petition.
>
> 7. I still have other issues that are unexhausted in the State courts.

(ECF No. 11-1, Certification at ¶¶ 6-7.)

By Order dated October 31, 2017, the Court denied Petitioner's motion for a stay <u>without prejudice</u> because Petitioner's motion did not meet the requirements for a stay by showing (1) that his unexhausted claims are potentially meritorious, (2) that he has good cause for failing to exhaust, and (3) the absence of intentionally dilatory litigation tactics. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005). The Court permitted Petitioner to file a new motion for a stay within 45 days that complies with *Rhines* together with an Amended Petition that asserts all claims Petitioner sought to bring in his one all-inclusive habeas petition.

Petitioner did <u>not</u> file a new motion to stay together with an Amended Petition. Instead, on February 5, 2018, Petitioner submitted an Amended Petition. (*See* ECF No. 15). It is not clear from the Amended Petition whether Petitioner is still seeking a stay to exhaust any unexhausted claims and/or whether he has elected to delete certain claims from the Original Petition.

2

As such, the Court will direct Petitioner to clarify whether the Amended Petition is his all-inclusive Petition, whether he is still seeking a stay to exhaust any unexhausted claims in the Amended Petition, and whether he is seeking to delete any claims from his Original Petition. The Court will administratively terminate this matter pending Petitioner's response to the Court's Order. If Petitioner does not reply to the Court's Order, the Petition may be subject to dismissal as a mixed petition.

**IT IS THEREFORE**, on this 7 day of July, 2019,

**ORDERED** that, within 30 days of the date of this Order, Petitioner shall clarify in writing whether (1) the Amended Petition (ECF No. 15) is his all-inclusive Petition, (2) whether he is still seeking a stay to exhaust any unexhausted claims in the Amended Petition, and (3) whether he has elected to delete any claims from the Original Petition;[1] and it is further

**ORDERED** that if Petitioner fails to respond to this Order within 30 days, the Petition may be subject to dismissal without prejudice as a mixed petition; and it is further

**ORDERED** that the Clerk of the Court shall **ADMINISTRATIVELY TERMINATE** this action pending Petitioner's response to the Court's Order;[2] and it is further

**ORDERED** that the Clerk of the Court shall send a copy of this Order and a copy of the Amended Petition (ECF No. 15) to Petitioner at the address on file.

Madeline Cox Arleo, District Judge
United States District Court

---

[1] In his writing to the Court, Petitioner should clearly identify which claims, if any, for which he seeks a stay and which claims, if any, that he elects to delete.

[2] Petitioner is advised that administrative termination is not a dismissal, and the Court retains jurisdiction over his case, and will direct the Clerk of the Court to reopen this matter for adjudication once Petitioner responds to the Court's Order.

3